## ADAMS *et al. v.* HENRY.

(*City Court of New York, Trial Term.* February, 1889.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—REASSIGNMENT—WHO MAY QUESTION.

A reassignment by an assignee for the benefit of creditors, before he has filed his bond, of an account against a debtor of the assignors, cannot be questioned by the debtor.

*Assumpsit* by Samuel Adams and James McIvor against Jacob Herrick Henry for goods sold and delivered. The complaint alleged that plaintiffs and Charlotte Adams and Thomas Allen were copartners as Adams, McIvor & Allen, and sold goods to defendant. This firm made an assignment for the benefit of creditors to one William B. Roe. Before he had filed his bond as assignee Charlotte Adams and Thomas Adams joined with him as assignee and individually, and transferred the assigned estate to plaintiffs, reciting the assignment to Roe, and that a compromise with the creditors of the firm was satisfactorily effected, and that they had agreed to the transfer. Defendant moves to dismiss the complaint because the title to the claim was not properly

in plaintiffs; that they could not sue thereon; and that the assignee had no right to make the reconveyance before filing his bond.

*Johnes & Wilcox,* for plaintiffs.   *J. H. Henry, in pro. per.*

McADAM, C. J.   The assignee for the benefit of creditors failed to give the official bond required by law, and thereafter joined with his assignors in making a new assignment to the plaintiffs.   This transfer vested in them good title to the claim in suit.   *Juliand* v. *Rathbone,* 39 N. Y. 375.   Its legality cannot be questioned by the debtor, for the payment by him to the plaintiffs will furnish him ample protection.   It can be questioned only by the successor in trust or by the creditors of the original assignors for whose benefit the bond is intended.   *Woodworth* v. *Seymour,* 22 Hun, 248.   This rule is particularly applicable here, in view of the fact that the original assignors compromised with their creditors, so as to make the execution of the trust created for their benefit unnecessary, and the evident purpose of the new assignment was in aid of the compromise.   There is no one left to attack the transfer, and the plaintiffs are entitled to judgment.